# NO. 12-19-00230-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS* | *§* | *APPEAL FROM THE* |
| *FOR THE BEST INTEREST* | *§* | *COUNTY COURT AT LAW* |
| *AND PROTECTION OF S.P.* | *§* | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

S.P. appeals from an order authorizing the Texas Department of State Health Services to administer psychoactive medication. In one issue, S.P. contends the evidence is legally and factually insufficient to support the trial court's finding that administering the medication is in his best interest. We affirm.

### BACKGROUND

A criminal court rendered an order subjecting S.P. to in-patient mental health services pursuant to Chapter 46B of the Texas Code of Criminal Procedure, the statute relating to incompetency to stand trial. The State petitioned the court for an order to administer psychoactive medications to S.P. At the hearing, the application filed by Dr. Satyajeet Lahiri was entered into evidence. Additionally, Dr. Lahiri and S.P. testified at the hearing. After hearing the evidence, the court found that S.P. lacks the capacity to make a decision regarding administering medication and that treatment with the proposed medication is in his best interest. Accordingly, the court rendered an order authorizing the administration of psychoactive medication. S.P. appeals the trial court's order.

### BEST INTERESTS OF THE PATIENT

In his sole issue, S.P. asserts that the evidence is legally and factually insufficient to support the trial court's finding that the administration of psychoactive medication is in the best interest of

the patient. He complains that the testifying physician's testimony is largely conclusory. He also asserts that there was no testimony that the patient received adequate information about side effects and no testimony explaining how, or if, the symptoms to be treated would actually restore competency.

## Standard of Review

Texas law requires that orders authorizing administration of psychoactive medication be supported by clear and convincing evidence. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106(a-1) (West 2017). "Clear and convincing evidence" means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979) (per curiam). While proof must weigh heavier than merely the greater weight of the credible evidence, there is no requirement that the evidence be unequivocal or undisputed. *Id*.

In a legal sufficiency review where the burden of proof is clear and convincing evidence, we must look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its findings were true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). When reviewing factual sufficiency, we must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing and then determine whether, based on the entire record, a factfinder could reasonably form a firm conviction or belief that the allegations in the application were proven. *Id*. We must consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. *Id*. If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient. *Id*. The factfinder is the sole arbiter when assessing the credibility and demeanor of witnesses. *In re H.R.M.*, 209 S.W.3d 105, 109 (Tex. 2006) (per curiam).

## Applicable Law

A trial court may issue an order authorizing the administration of one or more classes of psychoactive medications to a patient who is under a court order to receive inpatient mental health services. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a). The court may issue an order if it finds by clear and convincing evidence after the hearing that (1) the patient lacks the capacity to make a decision regarding the administration of the proposed medication, and (2) treatment with

the proposed medication is in the best interest of the patient. *Id*. § 574.106(a-1). "Capacity" means a patient's ability to (1) understand the nature and consequences of a proposed treatment, including the benefits, risks, and alternatives to the proposed treatment, and (2) make a decision whether to undergo the proposed treatment. *Id*. § 574.101(1).

In making its finding that treatment with the proposed medication is in the best interest of the patient, the trial court shall consider (1) the patient's expressed preferences regarding treatment with psychoactive medication, (2) the patient's religious beliefs, (3) the risks and benefits, from the perspective of the patient, of taking psychoactive medication, (4) the consequences to the patient if the psychoactive medication is not administered, (5) the prognosis for the patient if the patient is treated with psychoactive medication, (6) alternative, less intrusive treatments that are likely to produce the same results as treatment with psychoactive medication, and (7) less intrusive treatments likely to secure the patient's agreement to take the psychoactive medication. *Id*. § 574.106(b).

## Analysis

Dr. Lahiri, S.P.'s treating physician, prepared an application for court ordered authorization for the administration of psychoactive medication. He diagnosed S.P. with schizoaffective disorder, bipolar type. S.P. refused to take the prescribed medication voluntarily. The doctor indicated that S.P. lacks the capacity to make a decision regarding administration of psychoactive medication because he is psychotic with an impaired sense of reality and has poor insight and poor judgment. Dr. Lahiri stated that the medication is the proper course of treatment and, if S.P. is treated with the psychoactive medication, his prognosis is fair, with clinical improvement and a decrease in aggressive risk, and restoration of competency is likely. If the medication is not administered, the consequences will be poor, with clinical deterioration and an increase in aggressive risk, and restoration of competency would be unlikely. Dr. Lahiri determined that medical alternatives will not be as effective as administration of psychoactive medication. He believed that the benefits of the psychoactive medication outweigh the risks of such medication in relation to present medical treatment and S.P.'s best interest.

Dr. Lahiri also testified at the hearing. He affirmed the statements he made in the application, and the application was entered into evidence. He stated that S.P. suffers from schizoaffective disorder, bipolar type, S.P. refused medication, and he lacks the capacity to make a decision regarding medication. S.P. is irrational in his thinking, has poor insight into his

condition, and is psychotic. Due to illogical thinking, S.P. acted violently and has been charged with aggravated assault with a deadly weapon and family violence assault, repeat offender. Dr. Lahiri testified that, if S.P. is treated with the requested medication, his prognosis will be "good and encouraging," there will be a "resolution of his psychosis," and it will lead to a "restoration of competency." He also stated that the medications will decrease the aggressive risk. Conversely, if he is not treated with the requested medication, he will not show any improvement, and his competency is not likely to be restored. He asserted that the requested medications are in the proper course of treatment and in S.P.'s best interest. He explained that psychotherapy can be considered an alternative to medication, but it is "impractical and has no defined or proven benefit as far as restoration of competency is concerned." Dr. Lahiri stated that the benefits of the medication outweigh the risks, competency will be restored faster, and medication will facilitate S.P's communication with his attorney.

S.P. testified, stating that he objects to taking the medication. He explained that he has bullets in his body and is concerned that the medications might "counteract something that's going on" with him. He also said his religion, the "New American Standard," forbids him from taking "mind alternating drugs" like "hallucinogenics or psycho hallucinogenics or any type of uppers, downers, or even alcohol." He does not want to be "dosed up" so that he leaves the hospital in worse condition than he is already in. He believes he is in the hospital because he is misunderstood, and he feels like he is being railroaded. He also feels that he is being discriminated against because he has an RFID chip implanted in his wrist. He explained that it is a radio frequency identification device placed in his wrist in the early 1980's by a government agency. The chip "holds equity" and shows his social security number, bank account numbers, and "information about [his] religion and everything." S.P. said that the reason it is there is "self-explanatory." He said the chip was made by Queen Elizabeth, and Prince Harry and Prince William have the same type of chip in their wrist. S.P. denied having a history of mental health diagnosis or treatment. He acknowledged the charges against him but said the victim lied. He did not agree that without medications he had an increased risk of aggression. He denied wanting to hurt himself or anyone else, and he denied hearing voices in his head. He invited the court to x-ray his wrist to prove the chip is there.

In his sufficiency challenge, S.P. relies on *State ex rel E.G.*, 249 S.W.3d 728 (Tex. App.−Tyler 2008, no pet), in which we held the evidence was insufficient to support a finding that the proposed medications were in the patient's best interest. There, the only evidence regarding

4

the patient's best interest was in the application. This court determined that a conclusory statement in the application, without any testimony from a physician at the hearing, could not support the order for administration of psychoactive medication. *Id*. at 731-32.

S.P. argues that the testimony provided at the hearing regarding the patient's best interest is no less conclusory than the assertion in the application, and therefore is insufficient. In support of this argument, S.P. cites to *State ex rel B.D.*, No. 12-17-00174-CV, 2017 WL 4161297 (Tex. App.−Tyler Sept. 20, 2017, no pet.) (mem. op.). In *B.D.*, this court held the evidence insufficient to support a finding that administration of psychoactive medication was in the patient's best interest. In that case, we determined that the testifying physician's testimony regarding best interests "was merely a perfunctory recitation of the conclusory statements made in his application." *Id*. at *3. Additionally, the testifying physician offered no testimony as to the consequences to the patient of not administering the medications, his prognosis if the medication is administered, or the alternatives to treatment with psychoactive medication. *Id*.; *see also State ex rel. G.L.*, No. 12-18-00201-CV, 2018 WL 6191110, at *3 (Tex. App.−Tyler Nov. 28, 2018, no pet.) (mem. op.).

We determine that each of these cited cases is distinguishable from the case before us. In *State ex rel E.G.*, there was no testimony presented at the hearing on the question of whether treatment with the proposed medication is in the patient's best interest. Here, Dr. Lahiri testified in open court regarding this factor. In *State ex rel B.D.* and *State ex rel G.L.*, this court held that the testifying physician provided a perfunctory recitation of conclusory statements in the application regarding the patient's best interest. But we further explained that the doctor failed to address three of the statutory items the trial judge must consider: the consequences to the patient of not administering the medication, his prognosis if the medication is administered, and alternatives to treatment with psychoactive medication. These topics were addressed by Dr. Lahiri at S.P.'s hearing.

While Dr. Lahiri did reiterate much of what was in the application, his testimony addressed the majority of the required items listed in Section 574.106(b). He stated that, on two occasions, S.P. said he does not need medications. Although he asked S.P. if he had any religious objections to taking the medications, S.P. did not respond to the question. He explained that the benefits of the medication include a decreased risk of aggressiveness, resolution of S.P.'s psychosis, restoration of competency at a faster rate than without medication, and facilitation of

communication. He explained that the consequences of not taking the medication include the absence of improvement and unlikeliness of restored competency. Conversely, S.P.'s prognosis if treated with the medications "will be good and encouraging," and Dr. Lahiri believes "there will be a resolution of his psychosis and it'll also lead to a restoration of competency." The doctor explained that psychotherapy is an available alternate treatment, but it is impractical and has no proven benefit regarding restoration of competency. While mindful that unsupported conclusions are legally insufficient to support the existence of the fact asserted, there may be a fine line between conclusory and succinct. However, the trial court may well be able to connect the dots, based on its knowledge of the law and brief testimony. A sufficiency finding does not necessarily require lengthy descriptions of a patient's symptoms or an in-depth explanation of how medications resolve the medical problems they were designed to resolve.

S.P. complains that there was no testimony that he received adequate information about the side effects of the medication. The statute does not require such testimony. He also complains there was no testimony explaining how, or if, the symptoms to be treated would actually restore competency. Competency to stand trial requires that the individual have the present ability to consult with his lawyer with a reasonable degree of rational understanding, and a rational and factual understanding of the proceedings against him. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (West 2018). Dr. Lahiri testified that the medication would facilitate communication between S.P. and his attorney. The judge could infer that an improved ability to communicate could lead to competency as that term is used in the statute.

Considering the evidence in the light most favorable to the finding, the record shows that S.P. committed violent acts brought on by psychosis, and the psychosis would be resolved, and competency restored, if the requested medications were administered. Further, in conducting a legal sufficiency review, we are to assume that the trial court resolved disputed facts in favor of its finding if a reasonable factfinder could do so and disregarded all evidence that a reasonable factfinder could have disbelieved or found to have been incredible. *In re J.F.C.*, 96 S.W.3d at 266. Accordingly, the trial court could have disregarded S.P.'s assertions that he did not have an increased risk of aggression without the medications and that the medications might counteract something in his body. Considering all the evidence in the light most favorable to the findings, we conclude the evidence is legally sufficient for a reasonable trier of fact to have formed a firm

6

belief or conviction that the proposed medications are in S.P.'s best interest. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106(b).

In a factual sufficiency review, we consider whether a reasonable factfinder could not have resolved disputed evidence in favor of its finding and, if there is such evidence, whether that evidence is so significant that a factfinder could not have reasonably formed a firm belief or conviction that administering the medication is in the patient's best interest. *See **In re J.F.C.***, 96 S.W.3d at 266. The court was entitled to disbelieve S.P.'s theories that he was in the hospital because he was misunderstood and being railroaded. Although S.P. objected to the medications based on his religious beliefs, the trial court is not required to defer to the patient's preferences on the subject of psychoactive medication. *See **In re M.H.***, No. 02-16-00160-CV, 2016 WL 4411114, at *5 (Tex. App.−Fort Worth Aug. 19, 2016, no pet.) (mem. op.); ***State ex rel D.P.***, No. 12-03-00005-CV, 2003 WL 21998759, at *7 (Tex. App.−Tyler Aug. 30, 2003, no pet.) (mem. op.). The court could have reasonably determined that the medication's value in decreasing risk of aggression and restoring competency outweighed S.P's concerns. After all, the trial court determined that S.P. does not have the capacity to make this decision, and S.P. has not challenged that determination. In short, there was not any disputed evidence that the trial court could not reasonably have resolved in favor of its ruling. Accordingly, the evidence is factually sufficient to support the trial court's determination that administration of psychoactive medications is in S.P.'s best interest. *See **In re J.F.C.***, 96 S.W.3d at 266. We overrule S.P.'s sole issue.

## DISPOSITION

Having overruled S.P's sole issue, we ***affirm*** the trial court's order authorizing the administration of psychoactive medication.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered November 27, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 27, 2019**

**NO. 12-19-00230-CV**

**THE STATE OF TEXAS FOR THE BEST
INTEREST AND PROTECTION OF S.P.**

Appeal from the County Court at Law

of Cherokee County, Texas (Tr.Ct.No. 42689)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the order authorizing administration of psychoactive medication.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*